Filed 6/16/14  P. v. Grant CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C073058 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF123015) |
| v. | |
| VERNON DAVID GRANT, | |
| Defendant and Appellant. | |

A jury convicted defendant Vernon David Grant of unlawful taking or driving a vehicle (dump truck); delaying a peace officer, a misdemeanor; and hit and run, a misdemeanor; and acquitted him of felony vandalism.  In bifurcated proceedings, the court found four prior prison terms and one strike prior to be true.  After denying defendant's request to strike the strike prior pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), the court denied probation and sentenced defendant to state prison for an aggregate term of eight years, that is, the midterm of two years, doubled for the strike prior, for the vehicle-taking offense and one year each for the four prior prison terms.  The terms for the delaying and hit-and-run misdemeanor offenses were ordered to be served concurrently.

1

Defendant appeals, contending that the prosecutor committed reversible misconduct in opposing defendant's *Romero* request by referring to defendant's strike prior as assault with a firearm rather than assault with a deadly weapon other than a firearm upon a peace officer. Recognizing that defense counsel did not object, defendant claims that counsel rendered ineffective assistance in that the prosecutor's mischaracterization of the strike prior misguided the trial court during its consideration of his request to strike it. Defendant contends the trial court abused its discretion in denying his *Romero* request because the record does not reflect the trial court was aware that the prosecutor had mischaracterized the nature of the strike prior. We reject these contentions.

**FACTS**

The facts underlying the offense are not relevant to the issues raised on appeal. Suffice it to say that defendant stole a dump truck from a construction site and attempted to go through a drive-up window at a fast-food restaurant, resulting in damage to both the restaurant's property and the truck. Defendant failed to stop when officers attempted to pull him over.

To prove the strike prior, the prosecutor presented a Penal Code section 969b [1] packet containing an abstract of judgment reflecting defendant's 2009 conviction for violating section 245, subdivision (c) and describing the offense as "[a]ssault w/deadly weapon upon an officer." Another document refers to defendant's conviction as an "ADW NOT F/ARM:PO/FIRE:GBI." The strike prior was also alleged as a prison prior. The prosecutor stated, "Moving to Case Enhancement B [prison prior] that is shown on Page 61 of the [section 969b] package, and that is a -- shows a November 5th, 2009, felony conviction for 245(c) out of Yolo County. He received the upper term of five

---

[1] Undesignated statutory references are to the Penal Code.

2

years.  Conviction, assault with deadly weapon upon an officer, and that conviction is less than five years from his leaving prison on allegation C, Case Enhancement C . . . ."  With respect to the strike prior, the prosecutor stated "it is the same offense that the People have referred to in Case Enhancement B.  [¶]  I'm not going to repeat myself.  *It was an assault with a firearm, excuse me, assault upon a police officer, assault with a deadly weapon upon an officer under 245(c)."*  (Italics added.)  The court found the strike prior and prior prison enhancement for defendant's 2009 conviction to be true.

Prior to sentencing, defense counsel filed a *Romero* request, focusing on defendant's history of mental illness.  In opposition, the prosecutor focused on defendant's lack of success on prior commitments, his history of recidivism, and referred erroneously to the strike prior as follows:  "Defendant's prior strike for *assault with a firearm is one of the more serious strikes possible."*  (Italics added.)

At the hearing on defendant's *Romero* request, defense counsel acknowledged defendant's criminal history but sought mental health treatment.  The prosecutor initially apologized for missing the briefing deadline, explaining that an intern had worked on the opposition papers.  The trial court commented, "That's fine.  *I read every second word in your brief."*  (Italics added.)  The prosecutor responded, "That would be sufficient for the People's purposes.  I believe there's enough *in every second line* for the Court to ignore and [still] deny the defendant's motion."  (Italics added.)  The prosecutor acknowledged defendant's mental health issues but argued the same were of minor significance since the ultimate goal is to protect society and defendant committed his current offense about two days after being released from custody on the "strike offense."  Neither party referred to the underlying facts or nature of defendant's strike prior.

In denying defendant's *Romero* request, the court (the same court that sustained the strike prior based on the section 969b packet) stated:  "The Court is constrained by the law which applies in these cases.  [Defendant] is not before the Court at an early stage of his criminal career, he's at a later stage.  And he does have a lengthy strain of criminal

convictions and prison terms.  [¶]  *I have, as I must, analyzed the factors*, the nature and circumstances of the current charge, *the nature and circumstances of the prior strike*, the background of [defendant], his character, and his future prospects.  And the Court cannot, under the law, make an exception in his case to take him out of the Three-Strikes Law." (Italics added.)**2**

## DISCUSSION

### I

Focusing on the prosecutor's two misstatements that defendant's strike prior offense was assault *with a firearm* rather than assault *with a deadly weapon* upon a peace officer, defendant argues the prosecutor committed prejudicial misconduct in misleading the trial court and defense counsel rendered ineffective assistance in failing to object, resulting in the trial court's confusion as to the true nature of the strike prior and requiring remand for reconsideration of his *Romero* request.  We disagree with all of defendant's claims.

The prosecutor made the first of these two misstatements when proving the strike prior, orally stating and then *immediately correcting* the misstatement.  The second of the two misstatements appeared in the prosecutor's written opposition to defendant's *Romero* request, an opposition prepared by an intern who, arguably, the prosecutor should have supervised more closely, an opposition which he should have corrected either in writing before the hearing or orally at the hearing.  However, defendant fails to cite any statement by the court which supports his claim that the prosecutor's incorrect description of the

---

**2** After the court sentenced defendant, defendant addressed the court:  "I had wished that you would have looked at the last case, like, the transcripts and stuff like that.  Because the Officer, John Neves, knew me for a long time.  And he knew that I wasn't really malicious or intently [*sic*].  And he said on my behalf that, and that he was trying to help me and that I was trying to ignore that help.  [¶]  And that's why the judge had worded it in a way to strike away the weapon enhancement, because it really wasn't a weapon thing.  And he worded it in a way that I could get my half time."

strike prior in his written opposition misled the court, the same court which sustained the strike prior based on documentation clearly showing that the offense was an assault with a deadly weapon upon a peace officer. We do not find the prosecutor's isolated misstatement in his written opposition to be deceptive or reprehensible. (*People v. Valdez* (2004) 32 Cal.4th 73, 123-124.)

Defense counsel did not correct the prosecutor's misstatement, but defendant cannot demonstrate prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 691-694 [80 L.Ed.2d 674, 696-698]; *People v. Ledesma* (1987) 43 Cal.3d 171, 217-218.) Defense counsel and the court had already heard the prosecutor correct himself once when he was proving the strike prior and apologize for the late filing of the written opposition, explaining an intern had worked on it. Further, defense counsel and the court had reviewed the section 969b packet, which clearly showed the nature of the offense.[3] Defendant has failed to demonstrate a reasonable probability that he would have received a more favorable ruling on his *Romero* request had defense counsel pointed out the mistake in the prosecutor's written opposition.

It is obvious that the court recognized the prosecution had submitted a boilerplate written opposition to defendant's *Romero* request without appropriate edits for the current case. The record does not show confusion on the trial court's part but instead just the opposite. We find no abuse of discretion. (*Romero*, *supra*, 13 Cal.4th at p. 530.)

Defendant's contentions that the prosecutor committed prejudicial misconduct, that counsel rendered ineffective assistance, and that the court was misguided by the mischaracterization of defendant's strike prior are without merit.

---

[3] No one else has mentioned that the prosecutor's written opposition also referred to defendant's strike prior as a "violent felony murder prior."

## II

We note that the abstract of judgment requires correction.  The abstract shows two years for vehicle taking.  The abstract must be corrected to reflect that a four-year term was imposed for the vehicle taking offense (midterm of two years, doubled for the strike prior).  We will order the abstract corrected accordingly.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment, reflecting a four-year term for the vehicle taking.  The abstract has a box checked correctly to reflect defendant was sentenced with a strike prior and reflects correctly that the total state prison term is eight years.  The trial court shall forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is affirmed.


                                                            RAYE            , P. J.



We concur:



        ROBIE            , J.



        MAURO            , J.


6